**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3324-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

T. O.,[1]

     Defendant-Appellant.

_____

Submitted December 9, 2025 – Decided December 22, 2025

Before Judges Perez Friscia and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 13-05-0528.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the briefs).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Timothy P. Kerrigan, Jr., Chief Assistant Prosecutor, of counsel and on the brief).

---

[1] We use initials to protect an alleged victim of domestic violence or sexual offenses. R. 1:38-3(b)(12).

PER CURIAM

Defendant T.O. appeals from a May 16, 2024 order denying her petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm for the reasons set forth in Judge Marybel Mercado-Ramirez's thorough and well-reasoned oral opinion.

The State alleged that on September 8, 2012, defendant, who was then twenty-one years old, and her co-defendant Robert Myers, who was forty-five years old, carjacked a victim in Paterson. After the victim stopped his car to make a phone call, Myers opened the door of the victim's car, pointed a handgun at him, demanded he get out of the car, and struck him with the handgun. Defendant entered the passenger side and unbuckled the victim's seatbelt. Defendant and Myers then drove off in the victim's car.

Shortly thereafter, defendant was involved in a motor vehicle accident on the Garden State Parkway while driving the victim's car. When police officers arrived, defendant admitted she was driving the car and that there was a gun in the glove compartment. She told police there was another individual in the car with her named "Robert," but refused to provide any additional information about him. Police located Myers walking a short distance away. Police found a black starter pistol with a black handle in the glove compartment of the car.

A-3324-23

In a recorded statement, defendant admitted she committed the carjacking. She claimed she acted alone and picked up Myers after she stole the victim's car. Defendant said she "finally got the guts to actually do it after [she] smoked PCP." The victim subsequently identified defendant and Myers as the perpetrators and recognized the black starter pistol as the gun used in the carjacking.

Defendant was indicted by a Passaic County grand jury and charged with: first-degree carjacking, N.J.S.A. 2C:15-2(a)(1-3), N.J.S.A. 2C:2-6; first-degree robbery, N.J.S.A. 2C:15-1(a)(1) and/or N.J.S.A. 2C:15-1(a)(2), N.J.S.A. 2C:2-6; and other related third- and fourth-degree offenses. While those charges were pending, defendant was indicted on four separate matters and charged with: fourth-degree aggravated assault for attempting to cause bodily injury to a corrections officer on February 4, 2013; fourth-degree throwing bodily fluid at a second law enforcement officer on February 4, 2013; fourth-degree throwing bodily fluid at a law enforcement officer on February 7, 2013; and two counts of fourth-degree throwing bodily fluid at law enforcement officers on May 10, 2013.

In March 2013, defendant underwent a competency evaluation and was found competent to stand trial. According to the competency evaluation,

defendant reported an abusive childhood, including sexual abuse by her father, and she had been a gang member since the age of twelve. She did not recall giving a statement to law enforcement following the carjacking because "she was intoxicated on alcohol and PCP at the time[.]" The evaluation indicated defendant had a tattoo on her neck "of the name 'Robert.'" The evaluation did not reveal any allegations of abuse by Myers.

On August 4, 2015, defendant pleaded guilty to first-degree carjacking and three counts of fourth-degree throwing bodily fluid at law enforcement officers in exchange for the State's agreement to recommend a sentence of fifteen years subject to an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for first-degree carjacking, concurrent sentences of eighteen months for the fourth-degree charges, and dismissal of all other charges.

On September 11, 2015, defendant was interviewed for an adult presentence report (PSR). The PSR did not indicate she alleged any abuse by Myers. According to the PSR, defendant had a prior history of juvenile offenses and adult convictions for simple battery in Georgia in 2008 and second-degree eluding in New Jersey in 2009, for which she was sentenced to three years in prison.

A-3324-23

On October 9, 2015, Myers was sentenced in accordance with a plea agreement to ten years subject to NERA for carjacking.

On November 6, 2015, defendant was sentenced by Judge Mercado-Ramirez. Defense counsel acknowledged defendant "ha[d] a history" but asked the court to find mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12), based on her cooperation with law enforcement, and consider "the issues of what she went through through[out] her life." Defense counsel asked the court to impose a sentence of thirteen years subject to NERA for carjacking instead of the State's recommended fifteen-year sentence.

Defendant spoke at sentencing. She attributed her conduct on September 8, 2012 to "flashbacks from when [she] was younger . . . the way [her] father used to treat [her] when [she] was little." She said she "was just following in the wrong direction with [her] now ex-boyfriend . . . [Myers]."

The judge found aggravating factor three, N.J.S.A. 2C:44-1(a)(3), the risk defendant will commit another offense, and nine, N.J.S.A. 2C:44-1(a)(9), the need for deterring the defendant and others from violating the law, applied. The judge also found mitigating factor twelve applied. The judge noted defendant "committed a very serious offense" and defense counsel "did a very good job for [her]" because she "[was] facing double what [she] pled guilty to."

5

The judge sentenced defendant in accordance with the plea agreement to fifteen years subject to NERA for carjacking and eighteen months concurrent on each of the fourth-degree convictions. A conforming judgment of conviction relating to the carjacking conviction was entered on November 10, 2015. Judgments of convictions relating to the other convictions were entered on November 9, 2015.

Defendant filed a direct appeal of her sentence, which was heard on our sentencing oral argument calendar. Appellate counsel argued for application of mitigating factor four, N.J.S.A. 2C:44-1(b)(4), that there were substantial grounds tending to excuse or justify defendant's conduct, based on defendant's "mental health problems." We affirmed defendant's sentence. State v. Overbay, No. A-1781-16 (App. Div. Mar. 10, 2017).

On April 27, 2022, defendant filed a self-represented petition for PCR. She alleged "from the age of [twelve] [she] had been involved . . . with . . . Myers . . . who is [twenty-three] years [her] senior" and she "was sexually abused and under his control until the date of [her] arrest." She claimed defense counsel "did not have [her] evaluated at the time for psychiatric issues or substance abuse."

6

After PCR counsel was appointed, defendant underwent a psychological evaluation "to determine whether [she] was a victim of domestic violence and what effect the relationship had on [her] mental health." The evaluation concluded defendant "suffered from battered wom[an] syndrome marked by coercion and control, psychological and physical abuse perpetrated by [Myers,]" which "significantly contributed to her involvement in the instant matter."

Based on that evaluation, PCR counsel filed a supplemental brief arguing "evidence of defendant's [b]attered [w]om[an] [s]yndrome diagnosis if proffered through an expert report, would have supported a viable defense and argument for the application of" additional mitigating factors. Defendant argued "[b]ecause trial counsel failed to properly investigate and present a [b]attered [w]om[an] [s]yndrome defense, the prosecution, sentencing court, and appellate court failed to consider in mitigation the magnitude of [Myers's] influence and control over defendant." As a result, she "received [five] years more imprisonment than" Myers.

On May 16, 2024, following oral argument, the judge entered an order denying defendant's petition for PCR supported by an oral opinion. She found defendant's petition was time-barred pursuant to Rule 3:22-12(a) because it was

filed on April 27, 2022, more than five years after entry of the judgments of conviction on November 9 and 10, 2015.

The judge nevertheless considered defendant's claims of ineffective assistance of counsel and concluded they lack merit. The judge determined her claims fail both prongs of the Strickland[2] test.

As to prong one, the judge determined "it would have been impossible for [trial] counsel to investigate and present the [b]attered [w]oman [s]yndrome defense, even for mitigating factor purposes, because [defendant] did[ not] tell anybody." "[D]espite having numerous opportunities to do so, at no point did [defendant] allege she was compelled to commit the carjacking as a result of . . . Myers physically . . . or . . . psychologically battering and abusing [her] over an extended period of time, prior to the time of the events in question." "[T]he only time that [came] out [was] in her evaluation by a defense expert, January 18[], . . . 2024, years later."

The judge also found plaintiff's claims fail prong two of the Strickland test. She determined "even if [defendant] had presented an expert report setting forth [her] diagnosis of [b]attered [w]oman [s]yndrome, the [c]ourt still would

---

[2] Strickland v. Washington, 466 U.S. 668, 687 (1984).

A-3324-23

not have found" additional mitigating factors. The judge determined defendant's claim of ineffective assistance of appellate counsel fail for the same reasons.

On appeal defendant raises the following point for our consideration.

> THE PCR JUDGE ERRED IN ITS DETERMINATION THAT TRIAL AND APPELLATE COUNSEL DID NOT PROVIDE INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO ARGUE MITIGATING FACTORS BECAUSE THE DEFENDANT DID NOT DIRECTLY INFORM THEM THAT SHE WAS A BATTERED WOMAN.

"Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020) (citing State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018)). Based on our de novo review, we are satisfied the judge correctly determined defendant's petition was time-barred because it was filed more than five years after the entry of the judgments of conviction in violation of Rule 3:22-12(a)(1).[3]

---

[3] Defendant failed to address the court's determination that the petition was time-barred. If an issue is not briefed, it is deemed waived. State v. Huang, 461 N.J. Super. 119, 125 (App. Div. 2018); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025) ("It is, of course, clear that an issue not briefed is deemed waived").

Defendant was sentenced on November 9 and 10, 2015. She filed her PCR petition on April 27, 2022, more than six years later. In State v. Brewster, we explained:

> [Rule] 3:22-12(a)(1) sets a five-year time limitation for the filing of a PCR petition, unless the petition itself shows excusable neglect for the late filing and fundamental injustice if defendant's claims are not considered on their merits. By its subsection (a)[(1)(B)], [Rule] 3:22-12 allows an additional one-year limitation period if the courts recognize a new constitutional right or defendant discovers a previously unknown factual predicate justifying relief from the conviction.
>
> [429 N.J. Super. 387, 398 (App. Div. 2013).]

Defendant's petition was filed more than five years after the judgments of conviction were entered and she does not assert excusable neglect or that her petition is based on a previously unknown factual predicate. Accordingly, the judge properly determined the petition was time-barred.

We are also persuaded the judge correctly determined defendant's claims of ineffective assistance of counsel lack merit. To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test by showing: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense."

10

Strickland, 466 U.S. at 687; accord State v. Fritz, 105 N.J 42, 58 (1987) (adopting the Strickland two-prong test). Failure to meet either prong of the Strickland/Fritz test results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012).

The defendant must establish, by a preponderance of the credible evidence, they are entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992). Defendants must do more than make "bald assertions" of ineffective assistance. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015). "The test is not whether defense counsel could have done better, but whether [they] met the constitutional threshold for effectiveness." Nash, 212 N.J. at 543. The court should review counsel's performance in the context of the evidence against defendant at the time of trial. State v. Castagna, 187 N.J. 293, 314 (2006). "The

11

failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990).

Under the "'second, and far more difficult, prong of the' Strickland standard[,]" State v. Gideon, 244 N.J. 538, 550 (2021) (quoting Preciose, 129 N.J. at 463), a defendant "'must show that the deficient performance prejudiced the defense.'" State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694).

Claims of ineffective assistance of appellate counsel must assert that errors existed at the trial level that could have been ascertained by appellate counsel's review of the record but were never raised as issues on appeal. See State v. Echols, 199 N.J. 344, 359-61 (2009). To obtain a new trial based on ineffective assistance of appellate counsel, it must be established that appellate counsel failed to raise an issue that would have constituted reversible error on direct appeal. Id. at 361. Appellate counsel will not be found ineffective if counsel's failure to appeal the issue could not have prejudiced the defendant

because the appellate court would have found either that no error had occurred or that it was harmless. State v. Reyes, 140 N.J. 344, 365 (1995); see also State v. Harris, 181 N.J. 391, 499 (2004).

We review the PCR court's decision to proceed without an evidentiary hearing for an abuse of discretion. State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020). A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10(b) provides a court should hold an evidentiary hearing on a PCR petition only if the defendant establishes a prima facie case in support of PCR, "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims for relief." See also Porter, 216 N.J. at 354.

We affirm substantially for the reasons set forth in the judge's oral opinion. We add the following comments.

Defendant's claim that trial counsel should have "referred the defendant to an expert psychologist in 2013" finds no support in the record. As the judge noted, the first time defendant alleged physical or mental abuse by Myers, much less that his alleged abuse contributed to her criminal conduct, was in her 2022 petition for PCR. Moreover, the first time she was diagnosed with battered

woman syndrome was when she was evaluated at the request of PCR counsel in 2024. There is no basis for defendant's claim that trial counsel should have suspected she was a victim of domestic violence because she had "Robert" tattooed on her neck or because there was a significant age difference between her and Myers. Nor is there any basis to find appellate counsel should have reached the same conclusion.

Counsel is not charged with knowledge of facts or circumstances known to a client if they are never disclosed. "[C]ounsel cannot be ineffective for failing to raise claims as to which his client has neglected to supply the essential underlying facts when those facts are within the client's possession; clairvoyance is not required of effective trial counsel." Dooley v. Petsock, 816 F.2d 885, 890-91 (3d. Cir. 1987), cert. denied, 484 U.S. 863 (1987). See also State v. Hernandez-Peralta, 261 N.J. 231, 254 (2025) (failure to determine client incorrectly represented she was a United States citizen did not constitute deficient performance under Strickland).

Defendant's claims also fail prong two of the Strickland test. Her claim that a "favorable report from the expert could have been used either in trial or to negotiate a more favorable plea bargain" is nothing more than speculation. Trial counsel negotiated an extremely favorable plea agreement on the

carjacking charge and concurrent sentences on the other convictions. There is no basis for defendant's claim that an expert report would have resulted in a more lenient plea agreement. In fact, the judge, who also sentenced defendant, expressly concluded that an expert report would not have resulted in a more lenient sentence because it would not have caused her to find any additional mitigating factors, and she believed the negotiated plea was appropriate.

We are satisfied the judge correctly determined defendant's petition for PCR was time-barred. In addition, defendant did not establish a prima facie case of ineffective assistance. She failed to set forth any meritorious basis to find trial or appellate counsel was ineffective or that, but for counsel's alleged errors, she would have obtained a more favorable plea agreement and sentence. The judge did not abuse her discretion by denying defendant's request for an evidentiary hearing and properly denied her petition for PCR.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

15

A-3324-23